|     |                                           |                              |
| --- | ----------------------------------------- | ---------------------------- |
|     | **UNITED STATES DISTRICT COURT**          |                              |
|     | **DISTRICT OF NEVADA**                    |                              |

| Clara L. Bernabe,                                      | 2:17-cv-00792-JAD-CWH |
| ------------------------------------------------------ | --------------------- |
| Plaintiff                                              |                       |
| v.                                                     | **Order Dismissing and Closing Case** |
| State of Nevada, Clark County, Ditech Financial, LLC, |                       |
| Defendants                                             |                       |

On May 22, 2017, the court held oral argument on defendants' motions to dismiss.[1] Plaintiff, who appears to be filing documents with a "sovereign citizen" theme, filed a "writ of erroe qua corum nobis residant," challenging this court's authority to set a hearing on the motions to dismiss[2] (arguing primarily that the undersigned is a "magistrate" without authority), and then she failed to appear at the scheduled hearing. At the hearing, I granted the motions to dismiss on their merits with leave to amend and gave Bernabe ten days to amend her complaint or have this case dismissed.[3]

Bernabe did not file an amended complaint by the ten-day deadline. She did file a "Writ of Contempt" in which she claims to be "the court" and purports to hold the undersigned in contempt of court.[4] Bernabe's attempts and arguments are without merit, and because she failed to amend her complaint by the ten-day deadline, I dismiss this action and direct the Clerk of

---

[1] ECF Nos. 5, 8, 12 (motions); 17 (notice of hearing); 7, 11, 14 (*Klingele* notices); 24 (minutes of hearing).

[2] ECF No. 22.

[3] ECF No. 24 (the minute order states, "Plaintiff has 10 days to file an amended complaint. Failure to do so will result in dismissal of this case.").

[4] ECF No. 25 at 8.

Court to close this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The defendants properly filed motions to dismiss, the court noticed and held a hearing on them, but the plaintiff failed to appear. I granted the motions to dismiss on their merits and made a record of my ruling but (considering this circuit's liberal amendment policy) gave Bernabe ten days to file an amended complaint if she could plead plausible claims. She did not file an amended complaint, delaying the progress of this litigation.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

---

[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

ordered by the court or prosecuting an action.[8] Bernabe was given ten days to file an amended complaint if she could cure the defects in her original complaint; she failed to do so. Instead, she continues to challenge this court's jurisdiction to take any action in this case—which is a particularly ironic argument considering that it was Bernabe herself who filed this lawsuit in this court and paid the filing fee to have this court preside over this case.[9]

A court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[10] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. And, as I explained at the duly noticed hearing on the motions to dismiss, which Bernabe failed to attend, Bernabe's claims as pled lack merit. So even this factor weighs in favor of dismissal.

Accordingly, IT IS HEREBY ORDERED that **this case is DISMISSED**. The Clerk of Court is directed to **CLOSE THIS CASE.**

DATED: June 5, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *See* ECF No. 1.

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.